**George John Richard EVERS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70712.

United States Court of Appeals, Ninth Circuit.

Submitted July 18, 2008.*

Filed Aug. 12, 2008.

James Todd Bennett, Esquire, El Cerrito, CA, for Petitioner.

Mary Jane Candaux, Esquire, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Julie Pfluger, Esquire, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: FARRIS, SILER,** and BEA, Circuit Judges.

MEMORANDUM ***

George John Richard Evers, a citizen and native of Fiji, petitions for review of the Department of Homeland Security's ("DHS") Final Administrative Removal Order finding Evers removable as an alien convicted of an aggravated felony, sexual abuse of a minor, under 8 U.S.C. § 1227(a)(2)(A)(iii). The DHS found Evers removable after conducting an expedited removal proceeding pursuant to 8 U.S.C. § 1228(b). We dismiss the petition in part and deny it in part.[1]

We deny Evers' first claim that 8 U.S.C. § 1228 violates due process because it does not permit him to reopen proceedings to seek withholding of removal under the Convention Against Torture, based on changed country conditions. Pursuant to 8 C.F.R. § 103.5(a)(1)(i), Evers could have filed a motion to reopen proceedings as an "affected party" after the DHS's decision. There is no evidence Evers attempted to file such a motion.

We deny Evers' second claim there was insufficient evidence in the record to support the DHS's finding Evers was convicted of violating California Penal Code § 288(c) (lewd and lascivious act upon a

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of the case, we recite them only as necessary.

child age 14 or 15). The record includes numerous court documents establishing Evers' conviction of three counts of violating § 288(c). *See* 8 C.F.R. § 238.1(b)(1)(iii); 8 C.F.R. § 1003.41.

We lack jurisdiction over Evers' claims of procedural due process errors in the issuance of the Notice of Intent, because Evers failed to exhaust these claims by raising them to the DHS during his removal proceeding, as provided for by 8 C.F.R. § 238.1(c)(2)(i). Thus, we lack jurisdiction over these claims. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2003) (stating "we may not entertain due process claims based on correctable procedural errors unless the alien raised them below") (citation and quotation marks omitted); *see also* 8 U.S.C. § 1252(d)(1).

We deny Evers' remaining procedural due process claims because Evers fails to claim, let alone demonstrate, any prejudice as a result of these purported due process violations. *See Vides–Vides v. INS,* 783 F.2d 1463, 1469 (9th Cir.1986) ("The alien has been denied the full and fair hearing which due process provides only if the thing complained of causes the alien to suffer some prejudice.") (citation and quotation marks omitted).

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.